UNITED STATES DISTRICT COURT
DISTRICT OF MSSACHUSETTS

| | |
|---|---|
| In the Matter of the Complaint of )<br><br>YANKEE ROSE THREE, LLC, as owner of )<br>the F/V YANKEE ROSE (M.S. 2828 ME), )<br> a 44' 11" fishing vessel, for Exoneration From, )<br>or Limitation of Liability ) | Civil Action No.:<br><br><br>IN ADMIRALTY |

**VERIFIED COMPLAINT**

Plaintiff, Yankee Rose Three LLC ("YRT"), as owner of the F/V YANKEE ROSE (M.S. 2828 DE), a 44' 11" fishing vessel ("Vessel"), petitions this Honorable Court for Exoneration from or Limitation of Liability pursuant to the Limitation of Shipowner's Liability Act, 46 U.S.C. §§ 30501 through 30512, and Supplemental Rule F of the Federal Rules of Civil Procedure, averring as follows:

**JURISDICTION**

1. This is a Complaint for Exoneration from and/or Limitation of Liability pursuant to 46 U.S.C. §§ 30501, *et seq.*, and Supplemental Admiralty Rule F. This Court has admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333.

**VENUE**

2. Venue is proper in the District of Massachusetts pursuant to Supplemental Rule F(9) because the Vessel is not within any district and no suit has been commenced in any district and as such the complaint may be filed in any district. Further, YRT is a Massachusetts corporation, most of the witnesses are within the District, and the Vessel was home-ported within the District.

1

## PARTIES

3. YRT is a Massachusetts Corporation with a principal office in Massachusetts.

4. YRT is the owner of the Vessel.

5. Upon information and belief, Truett Holcomb, was a Massachusetts resident.

6. Upon information and belief, Angel Luis Nieves, was a Massachusetts resident.

## STATEMENT OF FACTS

7. On March 5, 2026, the Vessel departed from the port of Provincetown, Massachusetts, on a fishing trip with Truett 'Gene' Holcomb as captain and Angel Luis Nieves as Deckhand.

8. At all material times prior to its casualty, the Vessel, its appurtenances and crew were seaworthy, tight, staunch, strong and fit.

9. At approximately 1150 hours on March 5, 2026, the F/V UNITED STATES issued a Mayday call to the United States Coast Guard ("USCG") who then dispatched a search from Provincetown Station after they reported an overturned hull.

10. The USCG discovered that the overturned hull reported by the F/V UNITED STATES was the Vessel.

11. The USCG then undertook immediate and extensive efforts to locate the crew.

12. The body of Angel Nieves was recovered by Massachusetts Environmental Police who were aiding in the search.

13. TowBoat US ("TowBoat") then began towing the overturned Vessel towards Cape Cod Bay.

14. After attempting to tow the Vessel, TowBoat made very little progress, eventually marking the overturned Vessel with a float ball and strobe light due to deteriorating weather.

15. The Vessel ended up sinking in 220' of water on or about 1630 hours.

16. Unfortunately, the USCG called off the rescue efforts on March 6, 2026, declaring Captain Holcomb lost at sea and presumed dead.

17. The Massachusetts State Police utilized their Remote Operated Vehicle on March 10, 2026, to dive the wreck of the Vessel and found no obvious clues as to the cause of the sinking or any sign of Captain Holcomb.

18. At all times material hereto, the Vessel and its appurtenances were operated and utilized in a seaworthy fashion by YRT.

19. The post-casualty value of the F/V YANKEE ROSE where she lies in approximately 220 feet of water in the Atlantic Ocean is $0.00. There was no freight pending at the time of the sinking.

20. The loss of the Vessel and any and all deaths, injuries, damages, and losses claimed to have resulted therefrom, were not caused or contributed to by any breach of applicable statutes or regulations, or any unseaworthiness, fault, neglect, or lack of reasonable care by or on the part of the Vessel or YRT.

21. Alternatively, any breach of applicable statutes or regulations, or any unseaworthiness, fault, neglect, or lack of reasonable care by or on the part of the Vessel or YRT that might have contributed to any and all alleged deaths, injuries, damages, and losses were occasioned and incurred without the privity or knowledge of YRT and/or were

3

occasioned and incurred due to the fault of third-parties for which YRT is not responsible.

22. J.A.N., K.N.N., and T.E.N., through their guardians and counsel, have provided notices of claim by way of written communications dated March 17, 2026.

23. Pursuant to Supplemental Rule F(1), this Complaint is timely filed.

24. YRT does not know the total amount of the claims that may be made for deaths, injuries, damages, and losses that resulted from the sinking.

25. YRT expects that formal claims based on those deaths, injuries, damages, and losses will be presented in due course and that the total claims will exceed the limitation fund.

26. According to the Declaration of Michael Collyer, filed herewith, the Vessel is a total loss with a post-casualty value of $0.00.

## EXONERATION/LIMITATION

27. YRT seeks exoneration from liability for any and all deaths, injuries, damages, and losses of any kind arising from the loss of Vessel on the Atlantic Ocean on or about March 5, 2026, as well as any other claimed losses incurred by others that have been and/or may hereafter be made and avers that it has valid defenses on the facts and the law.

28. YRT alternatively seeks limitation of its liability pursuant to the Limitation of Shipowner's Liability Act, 46 U.S.C. § 30501 *et. seq.*, Supplemental Rule F, the various statutes amendatory thereof and supplementary thereto, and case law, and to that end it files herewith a Stipulation re: Security for costs equal to $1,000.00 for payment into Court as ordered.

## RELIEF SOUGHT

WHEREFORE Plaintiff, Yankee Rose Three, LLC, requests the following relief:

1. The Court approve Plaintiff's Security for Costs ($1,000.00) in the total amount of $1,000.00, which represents (a) the zero value of the F/V YANKEE ROSE after the on-or-about March 5, 2026, sinking and (b) Plaintiff's obligation to give costs, in compliance with Supplemental Rule F(1) of the Federal Rules of Civil Procedure;

2. That on approving that security, the Court enter an injunctive order pursuant to Supplemental Rule F(3) and 46 U.S.C. § 30511(c) ceasing and enjoining all lawsuits, causes of action, and claims against Plaintiff and its property arising from the on-or-about March 5, 2026, sinking, except in this civil action;

3. That Plaintiff serves a copy of that injunctive order on the persons to be enjoined or their lawyer;

4. That the Court enter an order directing the issuance of a Notice to claimants, pursuant to Supplemental Rule F(4);

5. That the Court adjudge Plaintiff not liable for any and all deaths, injuries, damages, or losses arising from the sinking and other losses sustained but if Plaintiff is held liable in any part, its liability shall be limited at a maximum to the zero value of the F/V YANKEE ROSE after the on-or-about March 5, 2026, sinking, and that Plaintiff be discharged from any such liability upon the surrender of such interest, and that the money surrendered, secured, or to be paid as aforesaid be divided pro rata among such claimants as may duly prove their claims, saving to all parties any priorities to which they may be legally entitled, and that judgment may be entered discharging Plaintiff from all further liability; and

6. That Plaintiff be provided such other and further relief as the Court may deem just and proper.

Respectfully submitted,
YANKEE ROSE THREE, LLC,
By its counsel,

/s/ David S. Smith
David S. Smith (BBO # 634865)
Thomas O. Alger (BBO #714819)
FARRELL SMITH O'CONNELL
AARSHEIM APRANS, LLP
27 Congress St., Suite 508
Salem, MA 01970
978-744-8918 (Tel)
978-666-0383 (Fax)
dsmith@fsofirm.com
talger@fsofirm.com

Dated:


## VERIFICATION

I, Aurea Costeira, Manager of the Yankee Rose Three, LLC being duly sworn depose and state: Yankee Rose Three, LLC is the owner of the F/V YANKEE ROSE (M.S. 2828 ME), a 44' 11" fishing vessel. I have read the foregoing Complaint and know the contents thereof and the same are true of my own knowledge, except as to those matters therein stated on information and belief, and as to those matters, I believe it to be true. Pursuant to 28 USC §1746, I, Aurea Costeira, declare under penalty of perjury that the foregoing is true and correct.

Executed this 30 day of March, 2026.

Yankee Rose Three, LLC
By: Aurea Costeira
Its:  Manager

6